UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 13-cv-61361-CIV-BLOOM/VALLE

TAMMY GARCIA, an individual,

    Plaintiff,

v.

MAKO SURGICAL CORP.,
a Delaware Corporation,

    Defendant.
_____

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE VIDEO DEPOSITION**

THIS MATTER is before the Court on Defendant MAKO Surgical Corp.'s ("MAKO") motion to strike the March 4, 2014 videotaped deposition of Dr. Maurice Ferré (the "Motion to Strike") (ECF No. 53). All discovery matters in this case have been referred to the undersigned by United States District Judge Beth Bloom. *See* (ECF No. 51). The Court has reviewed the Motion to Strike, Plaintiff's Response (ECF No. 66),[1] and MAKO's Reply (ECF No. 68), and is fully advised in the premises. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike is **GRANTED** for the reasons set forth below.

**I.   BACKGROUND**

This lawsuit concerns Plaintiff's allegations that she was terminated by MAKO due to her age and gender, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a)(1) and (2), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1). MAKO was a

---

[1] The Court provided notice to the parties regarding the undersigned's discovery procedures and the requirement that parties respond to discovery-related motions within seven days. *See* (ECF No. 57). Despite this explicit instruction, Plaintiff responded to the Motion 17 days after the Motion was filed. Although the Court has reviewed and considered Plaintiff's response, the parties are expected to follow all pre-trial deadlines and procedures.

publicly traded medical technology company that developed and sold medical equipment for use during surgeries, such as the Robotic Arm Interactive Orthopedic System, or RIO. *See* (ECF No. 33, ¶ 2). The company was sold to the Stryker Corporation in December 2013. *Id*. Before her employment termination, Plaintiff was the Senior Director of RIO Sales and responsible for the sale of RIOs at MAKO. *Id*. at ¶¶ 5, 29. The Chief Executive Officer for MAKO at the time that Plaintiff's employment was terminated was Dr. Maurice Ferré.

On December 12, 2013, Plaintiff served MAKO with a Notice of Taking Deposition of Dr. Ferré. *See* (ECF No. 53-1). A first amended notice was served on January 15, 2014 (ECF No. 53-2), and a second amended notice was served on February 25, 2014 (ECF No. 53-3). Pursuant to the second amended notice of deposition, Dr. Ferré was deposed by Plaintiff on March 4, 2014 and the deposition was recorded by videotape.

In the instant Motion, MAKO argues that the videotaped portion of the March 4, 2014 deposition of Dr. Ferré should be stricken because Plaintiff never notified MAKO that a video recording would be created, which violates Federal Rule of Civil Procedure 30(b)(3)(B). *See* (ECF No. 53 at 1). MAKO does not request to exclude Dr. Ferré's testimony in its entirety, only the video recording of such testimony, thus permitting Plaintiff to present the written transcript of the deposition at trial. (ECF No. 68 at 2).

Plaintiff admits that the second amended notice inadvertently failed to state that the deposition would be recorded by video. (ECF No. 66 at 3). Plaintiff argues, however, that MAKO has not shown any prejudice due to the lack of notice, and therefore argues that the videotaped deposition should not be stricken. *Id.* at 4-5. Plaintiff further asserts that the videotape provides telling evidence as Dr. Ferré sat "in complete silence for a full minute in response to a question regarding why Plaintiff was treated differently from her male

comparator." *Id*. at 2.  According to Plaintiff, this silence would not be evident on a written transcript. *Id.*

## II. LEGAL ANALYSIS

The Federal Rules of Civil Procedure govern all civil actions in the United States district courts.  Fed. R. Civ. P. 1.  The rules are construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding."  *Id*.  The rules are further designed "to avoid surprise and thus to facilitate a proper ruling on the merits of each case."  *Combee v. Shell Oil Co.*, 615 F.2d 698, 701 (5th Cir. 1980);[2] *see also Gulf Grp. Holdings, Inc. v. Coast Asset Mgmt. Corp.*, 516 F. Supp. 2d 1253, 1265 (S.D. Fla. 2007) (Torres, Mag. J.) (noting that procedural rules "are designed to assist in case management and to prevent prejudice to litigants").

Federal Rule of Civil Procedure 30(b)(3) sets forth the procedure for recording a deposition by videotape.  The Rule provides:

> **(3)** *Method of Recording.*
>
> (A) *Method Stated in the Notice*. The party who notices the deposition must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means.  The noticing party bears the recording costs.  Any party may arrange to transcribe a deposition.
>
> (B) *Additional Method*.  With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice.  That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30(b)(3)(A)-(B) (emphasis in original).  In addition to Federal Rule 30(b)(3), the Local Rules for the Southern District of Florida require a party who seeks to record a deposition

---

[2] Decisions by the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

to provide notice to the deponent and other parties. *See* S.D. Fla. L.R. App. II.D ("With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition and the notice or cross-notice of deposition shall state the method by which the testimony shall be recorded. *See* Federal Rule of Civil Procedure 30(b)(3).").

Here, Dr. Ferré was first alerted that his deposition would be videotaped when he appeared for the deposition and saw video equipment and a videographer present. (ECF No. 53 at 4). Over MAKO's objection, Plaintiff proceeded with the deposition. *Id*. at 5. It is undisputed, however, that the second amended notice of deposition, like the amended notice of deposition and the original notice of deposition, failed to notify Dr. Ferré or MAKO that Plaintiff would record Dr. Ferré's deposition by videotape. *See* (ECF Nos. 53-1; 53-2; 53-3). Plaintiff claims this omission was a typographical error. *See* (ECF No. 66 at 2). Regardless of how Plaintiff characterizes the omission, however, the second amended notice failed to comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. In contrast, Plaintiff has followed the rules on other occasions in this case, properly notifying deponents Ivan Delevic and Fritz LaPorte that their depositions would be videotaped. *See* (ECF Nos. 53-5; 53-6).

Regardless of whether Plaintiff's omission was inadvertent or had some other nefarious purpose, MAKO and the deponent clearly were not on notice that the deposition would be videotaped. The Federal Rules of Civil Procedure are designed, in part, to avoid surprise. Thus, the Court will strike the video portion of the deposition and permit the written transcript to be read or otherwise presented to the jury. *See Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC*, 11-60665-CIV, 2012 WL 2339703, at *3 (S.D. Fla. June 14, 2012) (noting that, pursuant to Rule 30(b), all parties are "entitled to advance notice if the deposition is to be

videotaped"); *Woods v. G.B. Cooley Hosp. Serv. Dist.*, 07-CV-0926, 2009 WL 151078, at *3 (W.D. La. Jan. 21, 2009) (determining that videotape from deposition could not be allowed into evidence because oral notification minutes prior to a deposition that it would be videotaped did not cure failure to comply with Rule 30(b)(3)).

### III.   CONCLUSION

For these reasons, Defendant's Motion to Strike the video portion of Dr. Ferré's deposition is **GRANTED**. The parties may use the written transcript of Dr. Ferré's deposition, but any video recording taken from the deposition may not be shown to the jury.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on August 25, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Beth Bloom
All Counsel of Record